FILED06 DEC '11 14:19USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| RICHARD E. GURULE, ASHLEY T. MENG, BILLY D. DAVIS, DENNIS R. FAIN, and ALL PRESENT AND FUTURE INMATES OF THE DOUGLAS COUNTY JAIL AND CORRECTIONS,<br><br>Plaintiffs,<br><br>v.<br><br>SHERIFF JOHN HANLIN, LT. MIKE ROOT, Jail Commander, CONMED HEALTHCARE MANAGEMENT INC., DR. STEVEN BLUM, DR. TERRY C. BANCROFT, RACHEL THOMPSON RN, JENNIFER CAMPBELL RN, DEPUTY ANGELA C. DENLEY, CONSOLIDATED FOOD MANAGEMENT, C.F.M. KITCHEN MANAGER GISEL BITTERMAN, and DOUGLAS COUNTY SHERIFF'S DEPT.,<br><br>Defendants. | CV. 11-1274-JO<br><br>ORDER |

JONES, District Judge.

Plaintiffs, inmates currently residing in the Douglas County Jail, move for certification of their case as a class action. Plaintiffs complain about various conditions of their confinement

1 - ORDER

including the quality of the medical care, over crowding and sanitation in the jail cells, and the adequacy of the nutrition provided. Such Motion is denied. Plaintiffs are non-lawyers proceeding without counsel.[1] It is well established that a layperson cannot ordinarily represent the interests of a class. See <u>McShane v. United States</u>, 366 F.2d 286 (9th Cir. 1966). This rule becomes almost absolute when, as here, the putative class representative is incarcerated and proceeding *pro se.* See <u>Oxendine v. Williams</u>, 509 F.2d 1405, 1407 (4th Cir. 1975). Similarly, plaintiffs cannot bring this action jointly. In this Court's experience, an action brought by multiple plaintiffs proceeding *pro se* presents procedural problems that cause delay and confusion, especially where incarceration is a factor. Delay and confusion often arise from the frequent transfer of inmates to other facilities and institutions, the changes in address that occur when inmates are released on parole, and the difficulties faced by inmates who attempt to communicate with each other and other unincarcerated individuals. Moreover, *pro se* plaintiffs who attempt to jointly file a single lawsuit run the risk of infringing upon the well-established principle that although a non-attorney may appear on his own behalf, that privilege is personal to him.

---

[1] By separate Order, the Court denies plaintiffs' Motion for Appointment of Counsel and notes that plaintiffs report they have attempted to obtain counsel pro bono with no responses. Motion for Appointment of Counsel [3], p. 2.

2 - ORDER

C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987); Storseth v. Spellman, 654 F.2d 1349, 1355 (9th Cir. 1981).

For these reasons, the Court denies plaintiffs' Motion [11] for Certification of the Class and severs all plaintiffs besides Gurule from this action. See Fed. R. Civ. P. 21 ("Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just."); see also Davis v. Mason County, 927 F.2d 1473, 1479 (9th Cir. 1991)(courts have broad discretion regarding severance). Should plaintiffs Meng, Davis, and Fain wish to individually file lawsuits, they are free to do so.

Plaintiff Gurule is the sole remaining plaintiff in this case. His Complaint is currently not cognizable because he attempts to secure judicial relief on behalf of other individuals who are no longer parties to this lawsuit. Accordingly, should plaintiff Gurule wish to continue with this action, he must file an amended complaint which raises claims only on his own behalf.

In addition, plaintiff moves for a temporary restraining order and preliminary injunction seeking an Order from this Court directing defendants to arrange for him to be seen and examined by a physician specializing in "the field of gout, uric acid crystals damage to joint and kidneys" and that this specialist conduct lab work to evaluate the condition of plaintiff's kidneys, joint

3 - ORDER

sockets and spine and issue a "prescription" for an immediate course of action and medications that will restore and prevent further damage to plaintiff's joints and kidneys. Given plaintiff's Complaint is currently not cognizable, there is no likelihood he will succeed on the merits of his claims and his Motion for preliminary injunctive relief is denied. Moreover, ordinarily, a preliminary injunction maintains the status quo pending a final decision on the merits. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). Plaintiff is asking the court to alter the status quo by granting him, before trial, the relief he hopes to obtain through this action. Such a "mandatory injunction," as it is known, is granted only in extraordinary circumstances. See LGS Architects, Inc. V. Concordia Homes of Nevada, 434 F.3d 1150, 1158 (9th Cir. 2006). Plaintiff has not shown that the present case rises to that level.[2]

///

---

[2] Though plaintiff seeks immediate intervention from the Court on the basis he is "suffering irreparable damage and continued pain and limited motion in [his] arms", it appears from the record before the Court that defendants have been monitoring his medical status. In an affidavit dated October 13, 2011 and apparently submitted in a state court proceeding, Sheriff John Hanlin avers that "[a]lthough [he] is aware that there are differences of opinion between Plaintiff and Conmed medical staff regarding the type of medical treatment that Plaintiff should receive, [he has] no reasonable grounds to question the medical judgment of Conmed's healthcare professionals, or to conclude that appropriate healthcare is not being provided to Plaintiff while he is in the Jail's custody." See Plaintiff's Declaration in Support [10], Exhibit H9.

4 - ORDER

## CONCLUSION

Based on the foregoing, all plaintiffs except Gurule are DISMISSED from this lawsuit, without prejudice to their right to file their own individual civil rights complaints. Should plaintiff Gurule wish to continue with this action, he must file an amended complaint within 30 days of the date of this Order. Plaintiff Gurule's amended complaint must only raise issues which he can litigate on his own behalf. His failure to file an amended complaint within 30 days will result in the dismissal of this case, without prejudice.

In addition, plaintiff's Motions [8] and [11] are DENIED.

IT IS SO ORDERED.

DATED this 5th day of December, 2011.

_____
Robert E. Jones
United States District Judge

5 - ORDER